UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GARY LEE GOFORTH,

   *Petitioner*,

vs.

GEORGE CHOCK, *et al.*,

   *Respondents*.

2:06-cv-00303-RCJ-RJJ

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on the respondents' motion (#13) to dismiss. The motion seeks dismissal of the petition on the basis of untimeliness and procedural default. The motion will be denied without prejudice due to the respondents' failure to address the threshold issue of subject matter jurisdiction raised by the Court in the service order (#8) directing a response.

### *Background*

In the very first paragraph of the service order issued this case, the Court stated, with the same bold and underline emphasis as set forth below, as follows:

> **The jurisdictional issue outlined in this service order must be addressed prior to any other response in the case.**

#8, at 1.

      Thereafter, in the body of the order, the Court outlined the jurisdictional issue presented as to whether the petitioner was in custody at the time that the petition was filed for purposes of subject matter jurisdiction in federal habeas. The Court additionally raised two additional *sua sponte* inquiries as to whether the petition was time-barred and/or whether the petition is barred by procedural default. The Court, however, expressly deferred consideration of these issues "until after the threshold jurisdictional inquiry is resolved." #8, at 2.

      In the decree, the Court, with the same bold and underline emphasis as set forth below, directed the respondents to respond as follows:

> IT FURTHER IS ORDERED, pursuant to the terms of Habeas Rule 4, that respondents shall have thirty (30) days from entry of this order within which to file a response **limited to the jurisdictional inquiry raised herein**. The response may be by a motion to dismiss if respondents maintain that jurisdiction is absent or, alternatively, respondents may file a statement by respondents that they either do not challenge jurisdiction or take no position as to the presence or absence of jurisdiction. In all events, respondents shall attach with the response properly authenticated copies of all orders, agreements, and other papers showing the conditions and restraints imposed on petitioner as of March 10, 2006, and thereafter by virtue of lifetime supervision, so that the Court may complete its *sua sponte* jurisdictional inquiry.

#8, at 2-3.

      In the present motion to dismiss, the respondents seek dismissal of the petition on the basis of untimeliness and procedural default, the issues as to which the Court expressly deferred consideration until after the threshold jurisdictional issue was resolved. The motion includes no statement that the respondents do not challenge jurisdiction or that they take no

1  position, as the respondents make no mention of jurisdiction or of the Court's order regarding
2  jurisdiction.  Further, the respondents have not attached the materials required by the Court
3  in the service order that the respondents were ordered to file so that the Court could complete
4  the jurisdictional inquiry *sua sponte*.  The issue as to subject matter jurisdiction must be
5  resolved before any other issues are considered.

6  The motion to dismiss therefore will be denied without prejudice, and the respondents
7  will be directed to comply with the Court's prior order.

8  IT THEREFORE IS ORDERED that the respondents' motion (#13) to dismiss is
9  DENIED without prejudice due to the respondents' failure to comply with the prior service
10 order.

11 IT FURTHER IS ORDERED that respondents shall file a response that complies with
12 the service order (#8) in full within thirty (30) days of entry of this order.

13 IT FURTHER IS ORDERED that petitioner shall have twenty (20) days from service
14 of the response to file a response thereto.  Respondents may file a reply thereto within fifteen
15 (15) days of service of the petitioner's response.

16 DATED this 20th day of March, 2007.

_____
ROBERT C. JONES
United States District Judge